Wendy M. Krincek, Esq.
Nevada Bar No. 6417
Hayley Cummings, Esq.
Nevada Bar No. 14858
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone:   702.862.8800
Facsimile:    702.862.8811
wkrincek@littler.com
hcummings@littler.com

Attorneys for Defendant
IHS DESIGN

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURIA ARNOLD,<br><br>        Plaintiff,<br><br>      v.<br><br>IHS DESIGN, and NICK POLIDOROS,<br><br>        Defendants. | Case No.   2:26-cv-00868<br><br>(District Court Case No. A-26-938465-C)<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

Please take notice that Defendant IHS Design[1] ("IHS") hereby removes this action from the Eighth Judicial District Court in and for Clark County, Nevada, to the United States District Court for the District of Nevada under Court under 28 U.S.C. §§ 1331, 1332, 1367, 1441(a) and (b), and 1446. This removal is based upon federal question jurisdiction as well as diversity jurisdiction and is timely. In support of this Notice of Removal, IHS makes the following statement:

---

[1] The proper name of Defendant IHS Design is IHS Global Alliance LLC.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

## I.      Introduction & Background

1.      On February 2, 2026, Plaintiff Auria Arnold ("Plaintiff") filed a complaint ("Complaint" or "Compl.") in the Eighth Judicial District Court in and for Clark County, Nevada, entitled *Auria Arnold v. IHS Design, and Nick Polidoros* ("State Court Action") (Case No. A-26-938465-C). A true and correct copy of the Complaint is attached here as **Exhibit A**.

2.      IHS first received a copy of the initial pleading setting forth the claims for relief in this matter on March 2, 2026, when Plaintiff effected service of the Summons and Complaint on IHS. A true and correct copy of the Summons is attached here as **Exhibit B**.

3.      Defendant Nick Polidoros ("Mr. Polidoros") has not been personally served with the Summons and Complaint in this action as of the date of filing of this Notice of Removal. A true and accurate copy of the online docket for the State Court Action is attached here as **Exhibit C**.

4.      Although Plaintiff has filed an affidavit of service in the State Court Action indicating that Mr. Polidoros was served, the affidavit reflects service at IHS's office on an individual other than Mr. Polidoros. Such service does not constitute personal service upon Mr. Polidoros in his individual capacity. A true and correct copy of the affidavit of service is attached as **Exhibit D**.

5.      Plaintiff alleges four causes of action in her Complaint: (1) Race Discrimination – 42 U.S.C. § 1981; (2) Intentional Infliction of Emotional Distress (Nevada Law); (3) Sexual Harassment/Hostile Work Environment (Nevada Law); and (4) Assault (Verbal and Threatening Conduct). *See* Compl.

## II.     Federal Question Jurisdiction Exists

6.      The Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff's First Cause of Action arises under 42 U.S.C. § 1981. Compl., at 2. Accordingly, this Court has federal question jurisdiction over this claim because it arises "under the . . . laws . . . of the United States." *See* 28 U.S.C. § 1331.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

2

7.      This Court may exercise supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367. The Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1441(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour*, 356 F.3d at 978. The Ninth Circuit has further explained that the exercise of supplemental jurisdiction is required unless the Court finds that an exception to such jurisdiction applies under 28 U.S.C. § 1367(c). *Executive Software North Am., Inc.*, 24 F.3d at 1556; 28 U.S.C. § 1367(c) (providing that a district court may only decline to exercise supplemental jurisdiction if (1) "the claim raises a novel or complex issue of State Law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances" where "there are other compelling reasons for declining jurisdiction.").

8.      Here, there is little doubt that each of Plaintiff's claims arise from a common nucleus of operative fact and that they should be tried together.

(a)      Plaintiff's Second, Third, and Fourth Causes of Action each arise from Plaintiff's employment with IHS and conduct that she allegedly experienced during her employment. *See* Compl. Because each of these fundamental components are part of the same case or controversy and shares a common nucleus of operative fact with the federal claims, they would be tried together with the federal claims, and supplemental jurisdiction is appropriate.

(b)      None of 28 U.S.C. 1367(c)'s exceptions prevent the Court's assertion of supplemental jurisdiction. Plaintiff's state-law claims do not present a novel or complex issue of state law that predominates over her federal claims. Nor do exceptional circumstances justify the Court's refusal to extend jurisdiction over Plaintiff's state law claims. Accordingly, the Court may exercise supplemental jurisdiction over Plaintiff's Second, Third, and Fourth Causes of Action.

/ / /

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

### III.   Diversity Jurisdiction Exists

9.     This Court also has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a) because the action is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   The parties are completely diverse.

10.     The citizenship of an individual party for purposes of diversity jurisdiction is determined by the state in which the individual is domiciled, meaning the state in which the individual resides with the intent to remain or to which she intends to return. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Here, Plaintiff alleges that she "is an individual who resided and worked in Clark County, Nevada." Compl. at 1.

11.     Plaintiff erroneously alleges in her Complaint that IHS is a Nevada business entity with its principal place of business in Las Vegas, Nevada. *See* Compl., at 1. A corporation's citizenship for diversity purposes is two-pronged. A corporation is a citizen in the state where it is incorporated and in its principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation's principal place of business hinges on where its corporate officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This location is known as the corporation's "nerve center" and reflects the "actual center of direction, control, and coordination" of the entity's affairs. *Id.*; *accord 3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018).

12.     IHS is a California limited liability company with its principal place of business in California.

13.     Based on the factual allegations contained in the Complaint, the other named defendant, Mr. Polidoros, is a citizen and resident of Australia. The Complaint alleges that Mr. Polidoros was "visiting the Las Vegas office from Melbourne, Australia" at the time of the alleged conduct. Compl. at 1. Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(2).

### B.   The amount in controversy exceeds the $75,000.00 jurisdictional threshold.

14.     Plaintiff expressly seeks to recover at least $2,000,000,00 in damages. Compl., at 3. Thus, the Complaint plainly alleges on its face an amount in controversy well in excess of

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

$75,000. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted) ("when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied" absent a "legal certainty" that the plaintiff cannot recover that amount). In addition, Plaintiff expressly seeks to recover punitive damages, further augmenting the amount in controversy. Compl., at 3. Potential punitive damages are part of the amount in controversy in a civil action, further demonstrating the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

15.    Based on the foregoing, although IHS disputes that Plaintiff's claims have any merit, when the relief sought by Plaintiff on the face of the Complaint is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**IV.    Removal Is Procedurally Proper**

16.    A defendant must file a notice of removal within thirty days after receiving service of process. *See* 28 U.S.C. 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999). As IHS was first served with the Summons and Complaint on March 2, 2026, the earliest deadline to remove this action is April 1, 2026. Because this Notice of Removal is filed on or before April 1, 2026, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

17.    Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. §§ 108, 1441(a).

18.    No other defendants are required to join this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action") (emphasis added).

19.    IHS will contemporaneously provide written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached here as **Exhibit E**.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

20.    IHS will also contemporaneously provide notice of removal of the action with the Eighth Judicial District Court in and for Clark County, Nevada, in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached here as **Exhibit F**.

21.    IHS has attached all pleadings, process, and orders that it has received in this action. IHS has received no other process, pleadings, or orders other than those attached to this Notice of Removal.

22.    Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of IHS's right to assert any and all defenses or objections to the Complaint, including lack of personal jurisdiction. If there are any questions that arise as to the propriety of removal of this action, IHS respectfully requests the opportunity to submit briefing, argument, and additional evidence as necessary to support removal.

WHEREFORE, IHS prays that the above-referenced action now pending against them in the Eighth Judicial District Court in and for Clark County, Nevada, be removed therefrom to this Court.

Dated:  March 23, 2026

LITTLER MENDELSON, P.C.

Wendy M. Krincek, Esq.
Hayley Cummings, Esq.

Attorneys for Defendant
IHS DESIGN

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

6

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113.4770.  On March 23, 2026, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF**
**CIVIL ACTION FROM STATE COURT**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system.

☐ By **Email** – by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

Auria Arnold
10210 San Diego Mission Rd #75
San Diego CA, 92108
240-817-8006
auria.arnold@yahoo.com

Plaintiff, Pro Se

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 23, 2026, at Las Vegas, Nevada.

/s/  Maribel Rodriguez
Maribel Rodriguez

4908-0156-3287.1 / 128443.1002

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

7