UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Auria Arnold,

              Plaintiff

v.

IHS Design, et al.,

              Defendants

Case No. 2:26-cv-00868-CDS-BNW

**Order Striking the Plaintiff's Duplicate Filings, Striking the Second Amended Complaint, and Denying as Moot the Defendant's Motion to Dismiss**

[ECF Nos. 4, 7, 8, 11, 16, 17, 18]

This employment discrimination matter was removed from the Eighth Judicial District Court, Clark County, Nevada on March 23, 2026, by plaintiff Auria Arnold's former employer, IHS Design. On March 30, 2026, IHS Design filed a motion to dismiss. ECF No. 4. One week later, Arnold filed a first amended complaint. ECF No. 8. The following week, Arnold filed another first amended complaint. ECF No. 11. Arnold then filed nearly identical responses to the motion to dismiss. ECF Nos. 7, 10. Then, on April 15, 2026, Arnold filed a second amended complaint without leave of court. ECF No. 16.

Federal Rule of Civil Procedure 15 permits a plaintiff to file an amended complaint, as a matter of course, twenty-one days from the date of service. Fed. R. Civ. P. 15(a)(1)(A). The rule further provides amendment twenty-one days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). After these time frames expire, amendment is no longer available as an entitlement, so a plaintiff may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). As evidenced by the record, Arnold neither obtained consent from IHS Design nor sought leave to amend her pleading before filing it.

Although Arnold's original amendments were timely, they are duplicative.[1] To avoid confusion in the record, I will strike Arnold's first-filed amended complaint at ECF No. 8. However, I also strike Arnold's second amended complaint because "[a]n amended complaint that is improperly filed without leave of court or consent of the opposing party does not supersede the original." *Hard Drive Prods. v. Doe*, 2012 U.S. Dist. LEXIS 130351, *9 (N.D. Cal. Sep. 13, 2012) (citing *Taa v. Chase Home Fin., LLC*, 2012 U.S. Dist. LEXIS 18972 (N.D. Cal. Feb. 15, 2012)); *see also United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect."). Accordingly, the first amended complaint at ECF No. 11 is the operative pleading. If Arnold seeks to amend in the future, meaning after the first amended complaint is filed, she must comply with Local Rule 15-1, which states:

> (a) Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.
>
> (b) If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading.

LR 15-1(a) and (b).

Arnold is advised that pro se litigants must comply with Rules of Procedure, Evidence, and the Local Rules.[2] *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

---

[1] Similarly, to avoid confusion in the record, I strike the plaintiff's first-filed response to the motion to dismiss at ECF No. 7.

[2] A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

2

Because Arnold has amended her complaint, the original pleading no longer serves any function, and any motion to dismiss directed at the original pleading is deemed moot. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

**Conclusion**

IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 4] is DENIED as moot**.

IT IS FURTHER ORDERED that the plaintiff's duplicative response **[ECF No. 7]**, amended complaint **[ECF No. 8]**, and second amended complaint **[ECF No. 16]**, and the related summons **[ECF No. 17, 18] are STRICKEN**.

The first amended complaint at ECF No. 11 is the operative complaint. The Clerk of Court is kindly directed to re-title ECF No. 11 as the First Amended Complaint.

Dated: April 17, 2026

_____
Cristina D. Silva
United States District Judge

3