Wendy M. Krincek, Esq.
Nevada Bar No. 6417
Hayley J. Cummings, Esq.
Nevada Bar No. 14858
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
Telephone:   702.862.8800
Facsimile:    702.862.8811
wkrincek@littler.com
hcummings@littler.com

Attorneys for Defendant
IHS GLOBAL ALLIANCE LLC[1]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURIA ARNOLD,<br><br>                    Plaintiff,<br><br>          v.<br><br>IHS DESIGN and NICK POLIDOROS,<br><br>                    Defendants. | Case No. 2:26-cv-00868-CDS-BNW<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING OUTCOME OF DEFENDANT IHS GLOBAL ALLIANCE LLC'S MOTION TO DISMISS**<br><br>**(FIRST REQUEST)** |

Plaintiff Auria Arnold ("Plaintiff"), proceeding pro se, and Defendant IHS Global Alliance LLC ("Defendant IHS"), by and through its counsel of record, (collectively, the "Parties"), hereby agree and stipulate to stay discovery pending the Court's ruling on Defendant IHS's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 22].

I.      RELEVANT PROCEDURAL BACKGROUND

On April 27, 2026, Defendant IHS filed its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"). ECF No. 22. On April 29, 2026, Plaintiff filed her Opposition to the Motion to Dismiss. ECF No. 24. Defendant IHS then filed its Reply in Support of the Motion on May 6, 2026. ECF No. 31. The Motion to Dismiss is fully briefed and ripe for

---

[1] The proper name of Defendant IHS Design is IHS Global Alliance LLC.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

adjudication. Given that the Motion may impact the scope of the claims or result in resolution of the case, the Parties respectfully request that the Court issue an order staying discovery pending resolution of the Motion.

## II.   THE PARTIES AGREE DISCOVERY SHOULD BE STAYED UNTIL THE COURT HAS ADJUDICATED THE PENDING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.   Legal Standard.

Courts have "broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-cv-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). In exercising this discretion, "court are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* FRCP 1. This broad discretion applies to discovery, including whether to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Parties agree that good cause exists to stay discovery given that Defendant IHS has filed a Motion to Dismiss that may be "dispositive" of Plaintiff's claims. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

### B.   Discovery Should Be Stayed Pending Adjudication of Defendant IHS's Motion to Dismiss Plaintiff's Amended Complaint.

The Parties agree that the Motion to Dismiss warrants a stay of discovery and that the Parties should be relieved of their obligation to proceed with discovery pending adjudication of the Motion. The Parties further agree that neither Plaintiff nor Defendant IHS will suffer undue hardship, prejudice, or inequity as a result of a stay, as discovery is not yet necessary at this stage of the proceeding.

Here, staying discovery will allow the Parties to avoid duplicative efforts and potentially unnecessary costs. Consistent with the foregoing, the Parties agree they will be better positioned to evaluate the appropriate scope and timing of any discovery following the Court's resolution of the Motion to Dismiss.

///

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

2

Accordingly, the Parties hereby stipulate and agree, subject to the Court's approval, to the following:

1.    All discovery obligations in this action shall be stayed pending the Court's decision on Defendant IHS's Motion to Dismiss.

2.    The Parties will meet and confer and submit a supplemental discovery plan with exact dates, as necessary, within fourteen (14) days of the Court's ruling on Defendant IHS's Motion to Dismiss.

This is the Parties' first request for a stay of discovery, and it is made in good faith and not for purposes of delay.

3. The proposed discovery plan and scheduling order (ECF No. 32) is denied as moot.

Dated: May 14, 2026                                    Dated: May 14, 2026

Respectfully submitted,                              Respectfully submitted,


/s/ Auria Arnold                                           /s/ Hayley J. Cummings
Auria Arnold                                                Wendy M. Krincek, Esq.
Plaintiff, *Pro Se*                                         Hayley J. Cummings, Esq.

                                                                 LITTLER MENDELSON, P.C.
                                                                 Attorneys for Defendant
                                                                 IHS GLOBAL ALLIANCE LLC




**IT IS SO ORDERED:**


_____
UNITED STATES MAGISTRATE JUDGE

DATED:    May 18, 2026

4917-6272-3754.2 / 128443.1002

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

3